## Satonik, Appellant, *v.* Jeddo Highland Coal Company.

Argued March 10, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-

RIGE, STADTFELD, PARKER and JAMES, JJ.

Roger J. Dever, for appellant.

John H. Bigelow, for appellee.

OPINION BY CUNNINGHAM, J., July 15, 1937:

In this workmen's compensation case the referee disallowed the claim and dismissed the petition; the board, upon claimant's appeal to it, substituted its own findings for those of the referee and made an award; the employer appealed to the court below upon the ground that the award was not supported by sufficient competent evidence; that tribunal sustained the employer's exceptions and entered judgment in its favor. The present appeal is by the claimant from that judgment.

The referee and court below were clearly right in holding that the evidence as it now stands is insufficient to sustain an award of compensation, but, for reasons about to be stated, we think this is a case in which the court below should have remitted the record to the board for further hearing and determination as provided in Section 6 of the amendatory Act of June 26, 1919, P. L. 642, 77 PS § 879.[1]

[1] "If such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination, in which the procedure

On July 30, 1934, Joe Satonik, the claimant appellant, filed his claim petition in which he averred in substance that while in the course of his employment as a miner in one of the collieries of the defendant coal company on June 13, 1934, he suffered a compensable hernia of effort which necessitated an operation and totally disabled him until August 26th of that year. The description of the injury contained in the claim petition reads: "While pulling shaker chute strained myself, causing hernia." The employer answered that a "medical diagnosis revealed no hernia, but a tubercular condition of certain organs causing [claimant's] present physical disability."

Under the pleadings claimant had the burden of rebutting (in the manner prescribed in section 1 of the amendment of April 13, 1927, P. L. 186, to section 306 of the Act of June 2, 1915, P. L. 736, 77 PS § 652) the statutory presumption that hernia is "a physical weakness or ailment, which ordinarily develops gradually." By the express provisions of the amendment it is enacted that hernia "shall not be compensable, unless conclusive proof is offered that [it] was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident."

Claimant's testimony at the hearing before the referee on October 23, 1935, relative to his injury, reads:

shall be the same as that hereinbefore provided in this article in the case of a petition presented to the board, except that the board may order that any part of the testimony taken in the original proceedings shall be considered as though taken in such further hearing."

"Q. What happened to you? A. I was lifting a shaker chute, and it fell down and I tried to lift it up with a bar. Q. What happened when you tried to lift it up with a bar? A. I got a pain here (indicating right inguinal region). Q. Did you ever have any trouble there before? A. No. sir." Claimant then testified that on the next day he reported the injury to his boss, Mr. Brannigan; that he was sent to Dr. P. E. Fagan, employed by the company for compensation work, who referred him to the Hazleton State Hospital for an operation. Claimant also stated he was treated by two other doctors, Neale and Gaughan. A fellow workman testified that while he and the claimant were loading a car of coal "the hooks came off the shaker chute" and that they made two or three unsuccessful attempts to replace them; that claimant then "got a bar" and while lifting with the bar "got a pain in the right side."

The only physician called by claimant was Dr. Fagan, who testified claimant was sent to him as an accident case on June 14th. The material portion of his testimony reads: "Q. Did he have an acute condition in his testicles when you saw him? A. No, he had a swelling. ...... Q. And therefore you can't say whether it was traumatic in origin or not. A. No, I cannot. I said it was a swelling." Counsel for claimant rested his case at this point and the defendant offered no evidence.

Clearly, an award of compensation could not be sustained by this testimony. There was no competent evidence that claimant actually had a hernia. Even if we assume from claimant's own testimony that the purpose of the operation was the correction of a hernia, there is no evidence upon this record that its descent "immediately followed" the effort or strain incident to the attempt to replace the hooks of the shaker chute. Pain in the hernial region is the single "manifestation" of a compensable hernia, as described in the amend-

ment, of which there was proof in this case. The presence of pain in the hernial region may be just as consistent with the existence of an old hernia which has developed gradually, or with the presence of many other physical conditions, as it is with the immediate descent of a hernia following a sudden effort or severe strain.

In our opinion this is a case in which it is apparent that matters which should have been shown have been omitted. Manifestly, the surgeon who operated upon the claimant could give most essential testimony. He could throw light upon the pivotal questions whether claimant actually had a hernia, and if so whether it was of recent and traumatic origin, or had developed gradually from a physical weakness. This is not a case in which there is no evidence to support the claim, but one in which the evidence is insufficient for a proper disposition of the legal questions involved. As there are indications in the testimony that the claimant may be able to support his claim by sufficient competent evidence, if afforded an opportunity, we shall direct that the record be remitted to the board for further hearing and determination.

Judgment reversed and record remitted to the court below to the end that it may be returned to the board for further proceedings not inconsistent with this opinion.